IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-04-657(1) |
| | § | |
| ALEJANDRO MACARENO-MEJIA, | § | |
|     Defendant-Movant. | § | |

## MEMORANDUM OPINION AND ORDER DENYING "MOTION FOR SENTENCE ADJUSTMENT"

On November 1, 2005, the Clerk's office received a motion from Defendant Alejandro Macareno-Mejia ("Macareno") titled as a "Motion for Sentencing Adjustment." (D.E. 133). In it, Macareno explains that he was sentenced by this Court to 46 months and is currently serving his term in the custody of the Bureau of Prisons ("BOP"). Because of his status as a deportable alien, he contends that he is ineligible to serve any portion of his sentence in halfway house, and he is also ineligible for the "rewards" offered for the BOP's residential drug abuse program. He claims that his ineligibility for these benefits results in "unusual harsh collateral consequences" for him that are sufficient grounds for a downward departure under the sentencing guidelines.

Specifically, he argues that he faces a more severe sentence than United States citizens who committed the same offense and received the same guideline sentence as he did. He also contends that his lack of United States citizenship will result in him being further incarcerated in an INS detention facility while awaiting deportation, thereby

1

effectively extending his incarceration. Macareno asks that the Court reduce his sentence by six months. As discussed herein, the Court construes Macareno's motion as a motion to reduce sentence. For the reasons set forth below, the motion is DENIED.

## I. BACKGROUND

On November 18, 2004, Macareno and three co-defendants were each charged with three counts of transporting undocumented aliens within the United States, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), 1324(a)(1)(A)(v)(II) and 1324(a)(1)(B). (D.E. 55). On February 10, 2005, he pleaded guilty to the first of the three counts pursuant to a written plea agreement. (D.E. 88, 89).

On April 21, 2005, the Court sentenced Macareno to 46 months in the custody of the Bureau of Prisons, to be followed by a five-year supervised release term, and imposed a $19,334.45 in restitution and a $100 special assessment. (D.E. 109, 112). Judgment was entered on May 3, 2005. (D.E. 112). He did not appeal. He filed his "Motion for Sentence Adjustment" on November 1, 2005. (D.E. 133).

## II. ANALYSIS

**A.    Characterization of Motion**

At the outset, the Court is tasked with determining how to construe Macareno's motion, adhering to the principle that *pro se* pleadings are to be construed liberally. United States v. Riascos, 76 F.3d 93, 94 (5th Cir. 1996). Notably, Macareno does not ask for

relief pursuant to 28 U.S.C. § 2255.[1] Moreover, he is not challenging his conviction or sentence on the grounds that it was improper, nor does he assert cognizable grounds for relief under 28 U.S.C. § 2255. Instead, he is asking for a reduction in sentence based on the fact that the BOP deems him ineligible for certain benefits because of his status as a deportable alien.

Particularly in light of the Supreme Court's decision in Castro v. United States, 124 S. Ct. 786, 792 (2003), the Court declines to construe Macareno's motion as a § 2255 motion. Cf. Castro, 124 S. Ct. at 792 (if a district court recharacterizes a post-conviction motion as a § 2255 motion and fails to provide adequate notice and warning to the defendant of the consequences of the recharacterzation, then the motion is not a first petition for purposes of applying to later motions the restrictions on "second or successive" § 2255 motions). Rather than construing his motion as a § 2255 motion, then, the Court construes it as a motion to reduce sentence pursuant to 18 U.S.C. § 3582.

**B.    Motion for Reduced Sentence**

Having determined that Macareno's motion is properly construed as a motion for reduction of sentence, it is clear that he has not stated grounds entitling him to relief. This Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are limited to the following: (1)

---

[1] Even if he had raised the same claim in a § 2255 motion, however, his claim likely would have been barred his waiver of § 2255 rights contained in the written plea agreement.  (D.E. 89 at ¶ 7).

when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1), (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed), and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements. See § 3582(c). Macareno fails to assert grounds for modification that fall into any of the categories above. Thus, this Court is without authority to reduce his sentence.

### III.  CONCLUSION

For the foregoing reasons, Macareno's "Motion for Sentencing Adjustment" (D.E. 133) is construed as a motion to reduce sentence under 18 U.S.C. § 3582, and is DENIED.

It is so ORDERED this 5th day of December 2005.

_____
HAYDEN HEAD
CHIEF JUDGE